

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,806-01

**EX PARTE JORGE LUIS SANCHEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 10-07-00050-CRL-A IN THE 218TH DISTRICT COURT
## FROM LA SALLE COUNTY

*Per curiam*.  *Yeary, J., filed a concurring opinion.  Richardson, J., not participating*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant pleaded "no contest" to aggravated

assault and was sentenced to ten years' imprisonment.  He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

because counsel erroneously advised Applicant that he could receive community supervision from

the trial court if he pleaded "no contest" to this offense.  Applicant alleges that the trial court and the

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

prosecutor also believed that Applicant was eligible for community supervision from the trial court. Applicant alleges that had he known that he could not receive community supervision from the trial court for this offense because of the deadly weapon allegation, he would not have pleaded "no contest" to the trial court, but would have taken the case to trial by jury, where he would have been eligible for community supervision.

Applicant's trial counsel has filed an affidavit, in which he concedes that he incorrectly advised Applicant that he would be eligible for community supervision from the trial court if he pleaded "no contest" to this offense. Counsel also states that he did not advise Applicant regarding the availability of deferred adjudication, and did not file a motion requesting deferred adjudication community supervision.

The trial court has determined that trial counsel's performance was deficient in that counsel advised Applicant incorrectly that he would be eligible for community supervision from the trial court, and that such deficient performance prejudiced Applicant. The trial court also finds that the prosecutor and the trial court were under the mistaken impression that Applicant was eligible for community supervision from the trial court, and that Applicant was never advised that he was not eligible for community supervision because of the nature of the offense to which he pleaded "no contest." The trial court concludes that Applicant's plea was not knowingly and voluntarily entered. Relief is granted. The judgment in Cause No. 10-07-00050-CRL-A in the 218th District Court of La Salle County is set aside, and Applicant is remanded to the custody of the Sheriff of La Salle County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional

Institutions Division and Pardons and Paroles Division.


Delivered:  November 4, 2015
Publish